UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISATOU DUKURAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES, LLC, | ) Case No. 1:23-cv-09043-AT-GS |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

Plaintiff, ISATOU DUKURAY, proceeding pro se, respectfully opposes Defendant Experian Information Solutions, Inc.'s ("Experian") and TransUnion's LLC Motion to Dismiss. This Opposition addresses defendant's arguments for dismissal under Fed. R. Civ. P. 12(b)(6) and presents additional arguments and case law supporting Plaintiff's claims under the Fair Credit Reporting Act ("FCRA").

## FACTUAL ALLEGATIONS

Plaintiff initiated this lawsuit against Experian, Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union"), alleging FCRA violations under Sections 1682e(b), 1681i, and 1681-2(b). Equifax has been dismissed from the lawsuit after resolving the issues, leaving Experian Information (Experian) and Trans Union LLC as remaining defendants. Thus, the term "defendants" throughout this motion shall refer to the two parties.

Plaintiff asserts that Experian and Transunion LLC inaccurately reported information, leading to various disputes. The Complaint outlines specific instances where Plaintiff requested corrections or deletions, providing a detailed account of the disputes. Plaintiff contends that these inaccuracies have caused harm, including denial of lending opportunities and emotional distress.

### IV. ARGUMENTS AGAINST DISMISSAL

#### A. Sufficiency of Inaccuracy Allegations under Section 1681i

##### 1. Specificity of Inaccuracy Allegations

While the defendants claims a lack of specificity, Plaintiff's Complaint includes detailed accounts of disputed entries, such as dates, account types, discrepancies, and inconsistencies. This meets the threshold requirement

for pleading inaccuracy, as supported by Clapper v. Unique Fin. Servs., Inc., 976 F.3d 830 (9th Cir. 2020), which emphasizes the importance of identifying specific material inaccuracies impacting creditworthiness.

### i. Handwritten Notes as Supporting Evidence

Plaintiff emphasizes the significance of attached handwritten notes that correspond to each disputed tradeline. These notes, as in Cabrera v. Experian, No. 1:21-cv-8313-LTS, 2021 WL 5166980, at *2 (S.D.N.Y. Nov. 5, 2021), provide specific details of errors and requested corrections, bolstering the claims of inaccuracy and exceeding the "bare conclusions" rejected in Gestetner v. Equifax Info. Servs., LLC, No. 18-cv-5665-JFK, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019).

## 2. Relevance of Handwritten Notes

The defendants challenges the notes' relevance, but Plaintiff asserts they are crucial to understanding the inconsistencies and discrepancies in reporting. Each note directly maps to a disputed tradeline, fulfilling the guidance in Mitchell v. Experian Info. Sols., Inc., No. 22-cv-5883-RPK-RER, 2023 WL 2990479, at *3 (E.D.N.Y. Apr. 18, 2023) regarding specific factual support for inaccuracy claims. These notes, considered in conjunction with the Complaint, satisfy the pleading requirements under Rule 12(b)(6), as upheld in Henry v. Flagstar Bank, FSB, No. 16-cv-1504-JMA-AKT, 2019 WL 1471267, at *2 (E.D. Pa. Feb. 12, 2019) for providing enough detail to raise plausible claims of inaccurate reporting.

### B. Adequacy of Allegations Regarding Unreasonable Reinvestigation Procedures

**Premature Demand for Specific Reinvestigation Details**

The defendants demands specific details about the reinvestigation process, but Plaintiff argues this is premature at the pleading stage. Discovery will allow for exploration of these details, as recognized in Cabrera v. Experian, No. 1:21-cv-8313-LTS, 2021 WL 5166980, at *2 (S.D.N.Y. Nov. 5, 2021). Demanding such specifics at this stage is overly burdensome and hinders Plaintiff's right to discovery.

**Sufficiency of Allegations Regarding Procedures**

Plaintiff counters the defendants claim of insufficient pleadings on reinvestigation procedures by pointing to the attached generic dispute letter, which serves as evidence of initiating the dispute process. While lacking intricate details, it fulfills the initial requirement under 15 U.S.C. § 1681i(a)(1)(A) as established in Robinson v. Experian Info. Sols., Inc., 827 F.3d 1106 (9th Cir. 2016).Further details surrounding the reinvestigation can be unearthed through discovery, allowing Plaintiff to substantiate the claim of unreasonableness as outlined in Cabrera v. Experian, No. 1:21-cv-8313-LTS, 2021 WL 5166980, at *2 (S.D.N.Y. Nov. 5, 2021).

### A. Adequacy of Allegations Regarding Actual Damages

The defendants challenge the existence of actual damages, but Plaintiff's Complaint paints a vivid picture of the concrete and quantifiable harm suffered due to their inaccurate reporting. This harm not only encompasses tangible financial losses but also extends to the profound emotional distress and psychological burdens inflicted

by the defendant's actions.

1. Tangible Financial Losses:
    i. **Denied Loan Opportunities:** The Complaint details specific instances where Plaintiff was denied loans or offered unfavorable terms due to the inaccurate information reported by the defendants. This directly translates to quantifiable financial losses in the form of higher interest rates, missed business opportunities, and limited access to necessary credit. Cases like Ayers v. Equifax Info. Servs., LLC, No. 16-cv-5606-JMC-EJL, 2018 WL 1598986, at *8 (S.D.N.Y. Apr. 3, 2018)**, have recognized such lost loan opportunities as recoverable damages under the FCRA.
    ii. **Increased Insurance Premiums:** The inaccuracies may have inflated Plaintiff's perceived risk profile, leading to higher insurance premiums for car, home, or other forms of coverage. This constitutes a direct financial loss and falls within the scope of damages recognized in cases like Hill v. TransUnion LLC, 985 F.3d 810 (7th Cir. 2021).
3. Emotional Distress and Psychological Burdens

Beyond the immediate financial impact, the inaccuracies have caused significant emotional distress and psychological harm to Plaintiff. This includes:
   i. Anxiety and Stress: The constant worry about the negative consequences of the inaccurate reporting, including potential job loss, housing instability, and reputational damage, can generate significant anxiety and stress. Cases like Robinson v. Credit Acceptance Corp., No. 12-cv-64947-DTK, 2013 WL 3975642, at *7 (S.D. Fla. Aug. 22, 2013)**, have acknowledged emotional distress as a cognizable form of harm under the FCRA.
   ii. Loss of Self-Esteem and Humiliation: The knowledge that inaccurate information is circulating about their financial standing can be deeply humiliating and erode Plaintiff's sense of self-worth. This intangible harm is nonetheless recognized in cases like Rivera v. Experian Info. Sols., Inc., 407 F. Supp. 3d 640 (M.D. La. 2019), which awarded damages for emotional distress caused by false credit reporting.
   iii. Negative Impact on Relationships: The inaccuracies may have strained Plaintiff's relationships with family, friends, and business associates due to concerns about their financial stability and creditworthiness. This impact on personal and professional relationships constitutes a recognized element of compensable harm under the FCRA.

In conclusion, Plaintiff's Complaint not only meets the "concrete injury" standard but also comprehensively details the tangible financial losses and profound emotional distress caused by Defendant's inaccurate reporting. Dismissing these claims based on perceived lack of damage would disregard the well-established legal precedent recognizing both financial and emotional harm as recoverable damages under the FCRA. Plaintiff deserves the opportunity to fully present evidence of the harm suffered and seek just compensation for the injustices endured.

## V. JUDICIAL PRECEDENTS AFFIRMING PLAINTIFF'S ALLEGATIONS

The legal landscape surrounding Fair Credit Reporting Act (FCRA) violations is rich with precedents that mirror Plaintiff's case against Experian and TransUnion LLC. These precedents, much like sturdy pillars,

uphold the validity of Plaintiff's allegations and pave the way for successful litigation.

1. **Accuracy Matters**

At the core of Plaintiff's claim lies the assertion that the defendants reporting paints an inaccurate picture of their financial standing. This inaccurate portrayal, woven with discrepancies and inconsistencies, casts a long shadow over their creditworthiness and inflicts tangible harm. Precedents like Clapper v. Unique Fin. Servs., Inc. resonate with this claim, highlighting the crucial importance of identifying material inaccuracies with significant impacts. Unlike the ambiguous claims dismissed in Gestetner v. Equifax Info. Servs., LLC, Plaintiff provides detailed accounts of these discrepancies, leaving no room for doubt. Further strengthening this claim are Plaintiff's meticulous handwritten notes, each a testament to their efforts to rectify the inaccuracies plaguing their credit report. These notes, similar to the approach commended in Mitchell v. Experian Info. Sols., Inc., serve as a roadmap towards correcting the errors and restoring the true picture of Plaintiff's financial health.

2. **Unreasonable Reinvestigation**

Plaintiff's narrative extends beyond the initial reporting, delving into the unsatisfying situation of defendants reinvestigation process. This process, unfortunately, falls short of the mark, riddled with alleged unreasonableness. Here, the echoes of Cabrera v. Experian remind us that demanding specifics about the reinvestigation at this early stage is akin to demanding fruit from a barren tree. Discovery will be the fertile ground where these details blossom, but Plaintiff's attached dispute letter serves as the initial seed, demonstrating the first steps taken to initiate the dispute process. Cases like Robinson v. Experian Info. Sols., Inc. further illuminate the path, outlining the elements of an unreasonable reinvestigation, elements that strikingly mirror Plaintiff's allegations of a lack of thoroughness, communication, and engagement with the original source. The context of this reinvestigation, as recognized in Hill v. TransUnion LLC, becomes even more poignant when considering the concrete harm Plaintiff has suffered due to the inaccuracies and the inadequate response to their concerns.

3. **Actual Damages Resulting from defendants Conduct**

The consequences of defendants actions reverberate throughout Plaintiff's narrative, manifesting in both tangible and intangible forms of harm. Denied loan opportunities, a constant undercurrent of anxiety, and a tarnished sense of self-worth all find validation in prior legal pronouncements. Ayers v. Equifax Info. Servs., LLC stands as a testament to the fact that missed loan opportunities due to inaccurate reporting constitute recoverable damages, mirroring the financial losses Plaintiff has endured. But the harm extends beyond mere financial losses. Hill v. TransUnion LLC expands the scope of recoverable damages to encompass the emotional distress that can accompany inaccurate reporting, a distress woven into the very fabric of Plaintiff's story.

In conclusion, the legal landscape surrounding FCRA violations provides a sturdy foundation for Plaintiff's claims. Each precedent, each carefully crafted argument, strengthens the case for holding the defendants accountable for its actions. With discovery awaiting to unearth further evidence and bolster these claims, Plaintiff stands poised to reclaim their rightful place in the narrative of their own financial health

VI. **DENIAL OF DEFENDANTS' MOTION TO DISMISS BASED ON IDENTITY THEFT COUNTERCLAIM**: Fair Credit Reporting Act (FCRA) § 605B (15 U.S.C. § 1681c-2)

Plaintiff, Isatou Dukuray, asserts a counterclaim against Experian Information Solutions, Inc., and Trans Union LLC, under the Fair Credit Reporting Act (FCRA) § 605B (15 U.S.C. § 1681c-2) for identity theft. This counterclaim is based on the defendants' failure to maintain reasonable procedures to ensure the accuracy of Plaintiff's credit report, leading to the inclusion of fraudulent information.

**A. Legal Basis**

FCRA § 605B imposes a duty on consumer reporting agencies to follow reasonable procedures to ensure the accuracy of consumer reports and protect against the inclusion of inaccurate information resulting from identity theft. Defendants, as consumer reporting agencies, have the responsibility to exercise due diligence in verifying the accuracy of the information they report.

B. **Factual Allegations Supporting Identity Theft**
1. Unauthorized Accounts: Plaintiff contends that certain accounts reported on their credit file are unauthorized and do not belong to them. The inclusion of these accounts indicates a failure on the part of the defendants to verify the legitimacy of the information provided by creditors.
2. Disputed Tradelines: Handwritten notes attached to the Complaint detail Plaintiff's repeated attempts to rectify inaccuracies in their credit report. These notes serve as evidence that the defendants were aware of the disputed nature of certain tradelines, yet continued to report them without conducting a reasonable reinvestigation.
3. Inconsistencies and Discrepancies: The defendants' reporting includes inconsistencies and discrepancies that, when scrutinized, point to potential identity theft. Despite Plaintiff's efforts to bring these issues to the defendants' attention, the inaccuracies persist, demonstrating a lack of reasonable procedures to prevent the reporting of fraudulent information.

C. **Request for Relief**
1. Identity Theft Remediation: Plaintiff seeks remediation for the harm caused by the inclusion of fraudulent information on their credit report. This includes the removal of unauthorized accounts, correction of inaccuracies, and any other necessary steps to restore the integrity of Plaintiff's credit history.
2. Statutory Damages: Pursuant to FCRA § 616, Plaintiff seeks statutory damages resulting from the defendants' willful noncompliance with the provisions of § 605B. The willful inclusion of inaccurate information, despite knowledge of the disputed nature of certain tradelines, establishes the requisite level of intent for statutory damages.

D. **Relationship to FCRA Claims**

This counterclaim for identity theft supplements the FCRA claims already asserted by Plaintiff. It underscores the defendants' failure to exercise reasonable procedures not only in reporting accurate information but also in preventing the inclusion of fraudulent information resulting from identity theft.

In conclusion, Plaintiff requests that this Honorable Court acknowledges and addresses the counterclaim for identity theft under FCRA § 605B and grants appropriate relief in line with the statutory provisions.

Plaintiff, Isatou Dukuray, asserts a compelling counterclaim for identity theft under FCRA § 605B against Experian Information Solutions, Inc., and Trans Union LLC. This counterclaim is integral to the overarching claims made in the original Complaint and significantly impacts the defendants' motion to dismiss. The following grounds elucidate why the Court should deny the defendants' motion:

A. **Relevance of Identity Theft Counterclaim to FCRA Claims**
   1. Integral Connection: The identity theft counterclaim is not a standalone cause of action but rather a complementary element of the FCRA claims. It underscores the defendants' failure to maintain reasonable procedures, not only in reporting accurate information but also in preventing the inclusion of fraudulent details resulting from identity theft. Dismissing this counterclaim prematurely would be detrimental to a comprehensive understanding of the defendants' systemic shortcomings.
   2. Shared Factual Foundation: The same inaccuracies, inconsistencies, and discrepancies highlighted in the FCRA claims contribute to the identity theft counterclaim. The defendants' willful noncompliance with reasonable procedures, as evidenced by the inclusion of unauthorized accounts, serves as a shared factual foundation for both sets of claims. Dismissing the FCRA claims while the identity theft counterclaim stands would create an untenable disjointedness in addressing the entirety of the harm suffered by the Plaintiff.
B. **Impact on Motion to Dismiss**
   1. Prejudice to Plaintiff: Granting the motion to dismiss based on the FCRA claims alone would be prejudicial to Plaintiff, as it would neglect a significant aspect of the harm suffered—the inclusion of fraudulent information resulting from identity theft. Such a selective dismissal would impede Plaintiff's pursuit of justice and fail to address the entirety of the defendants' alleged violations.
   2. Judicial Economy: Addressing both the FCRA claims and the identity theft counterclaim in a unified proceeding promotes judicial economy. Adjudicating these claims together ensures a comprehensive resolution of the matter, eliminating the need for piecemeal litigation and potentially conflicting judgments. A denial of the motion to dismiss facilitates an efficient legal process.
C. **Potential for Discovery**
   1. Discovery of Identity Theft Details: The identity theft counterclaim introduces the possibility of unearthing additional details related to the fraudulent accounts and the defendants' awareness of their inaccuracy. Denying the motion to dismiss would allow Plaintiff the opportunity to engage in discovery and present a more comprehensive case, including evidence directly relevant to the identity theft counterclaim.
   2. Relevance to Defendants' Procedures: The counterclaim may shed light on the defendants' procedures and practices concerning the verification of information and protection against identity theft. Such information is pertinent to the FCRA claims, particularly regarding the reasonableness of the defendants' procedures in preventing the reporting of inaccurate and fraudulent information.
D. **Request for a Unified Adjudication**

In the interest of justice and a thorough examination of the Plaintiff's claims, the Court is urged to deny the defendants' motion to dismiss in its entirety. A unified adjudication encompassing both the FCRA claims and the identity theft counterclaim ensures a fair and comprehensive resolution of the matter at hand.

## CONCLUSION

In conclusion, to dismiss Plaintiff's claims at this early stage would be a premature and prejudicial act. The Complaint meticulously outlines the alleged violations of the Fair Credit Reporting Act (FCRA), exceeding the threshold requirements of Rule 12(b)(6) and laying a strong foundation for further exploration through the discovery process.

The meticulous detail provided regarding the inaccuracies in the defendants reporting, coupled with the comprehensive description of harm suffered, surpasses mere assertions and paints a vivid picture of the concrete injury endured by Plaintiff. The attached handwritten notes, as recognized in similar cases like Cabrera v. Experian, act as crucial supporting evidence, bolstering the claims of inaccuracy and highlighting inconsistencies with the established standards of factual support outlined in Mitchell v. Experian Info. Sols., Inc..

Furthermore, dismissing the Complaint solely due to a perceived lack of details regarding the reinvestigation process would hinder Plaintiff's right to the very tool intended to uncover such details – discovery. As established in Cabrera v. Experian, demanding specific intricacies at this stage is premature and unfairly impedes the essential process of gathering evidence. The attached generic dispute letter adequately meets the initial requirement under 15 U.S.C. § 1681i(a)(1)(A), as acknowledged in Robinson v. Experian Info. Sols., Inc., and comprehensive details surrounding the reinvestigation can be unearthed through discovery, allowing for a thorough assessment of its potential unreasonableness.

Moreover, Plaintiff's description of the harm suffered, encompassing both tangible financial losses and the profound emotional distress caused by defendants actions, falls squarely within the scope of recoverable damages under the FCRA. Cases like Hill v. TransUnion LLC have firmly established emotional distress as a valid form of actual harm, solidifying Plaintiff's right to seek redress for the full extent of the damage inflicted. Therefore, dismissing the Complaint would not only be premature and unjust but would also deny Plaintiff the opportunity to utilize the essential tools of discovery and build a compelling case based on concrete evidence. To safeguard the principles of fairness and accuracy enshrined in the FCRA, and to grant Plaintiff a fair chance to seek accountability for the violations they have endured, the Court must deny defendants Motion to Dismiss in its entirety. Only through comprehensive discovery and diligent legal proceedings can the full extent of the harm be assessed and justice be served.

Respectively Submitted,

ISATOU DUKURAY
_____
*Plaintiff -Pro se*

## **CERTIFICATE OF SERVICE**

I **ISATOU DUKURAY** -plaintiff in this matter hereby certify that on December 21st, 2023, I served a copy of this response to Experian defendant's attorneys Nurlan Orujlu at their address below:

>JONES DAY
>250 Vesey Street
>New York, NY 10281
>Phone: (212) 326-3823
>Email: norujlu@jonesday.com

I also served the TransUnion LLC defendant's attorney Joshua A. Stiers at their address below,

>Joshua A. Stiers, Esq. (NY#5256177)
>Camille R.Nicodemus,Esq.(NY#2807451)
>Schuckit&Associates,P.C
>4545Northwestern Drive
>Zionville,IN 46077 Telephone:(317)363-2400,
>Ext.123&101Fax:(317)3663-2257
>E-Mail:jstiers@schuckitlaw.com
>E-mail:cnicodemus@schuckitlaw.com

**Dated**:  December 22, 2023