**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ISATOU DUKURAY,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES, LLC,

Defendants.

Case No. 1:23-cv-09043-AT-GS

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S AND TRANS UNION, LLC'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

LEGAL STANDARD........ 2

ARGUMENT........ 2

I. THIS COURT SHOULD REJECT THE MAGISTRATE JUDGE'S RECOMMENDATION TO CONSIDER THE OPPOSITION ATTACHMENTS........ 2

A. OPPOSITION ATTACHMENTS CANNOT BE USED TO REDEEM A WHOLLY DEFICIENT COMPLAINT........ 3

B. THE LETTER ATTACHED TO THE OPPOSITION IS INCONSISTENT WITH PLAINTIFF'S COMPLAINT AND CANNOT BE CONSIDERED. ........ 5

II. THIS COURT SHOULD REJECT THE MAGISTRATE JUDGE'S RECOMMENDATION THAT PLAINTIFF ADEQUATELY PLEADED A SECTION 1681e(b) OR 1681i CLAIM........ 7

CONCLUSION........ 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ahmad v. Experian Info. Sols., Inc.*,
No. 23-cv-2222, 2023 WL 8650192 (S.D.N.Y. Dec. 14, 2023) ....12

*Bracken v. Dormire*,
247 F.3d 699 (8th Cir. 2001) ....2

*Bragg v. Chavez*,
No. 07-cv-0343, 2007 WL 5232464 (D.N.M. Aug. 2, 2007) ....2

*Cabrera v. Experian Info Sols., Inc.*,
No. 21-cv-8313, 2021 WL 5166980 (S.D.N.Y. Nov. 5, 2021)....5

*Casella v. Equifax Credit Info. Servs.*,
56 F.3d 469 (2d Cir. 1995)....10, 11

*Cullum v. Wyndham Hotels & Resorts Corp.*,
No. 22-cv-9700 (S.D.N.Y. Feb. 8, 2023)....5

*Desmarattes v. Equifax, et al.*,
No. 22-cv-03330 (E.D.N.Y. Dec. 7, 2023) ....10

*Erickson v. Pardus*,
551 U.S. 89 (2007)....1

*Frederick v. Capital One Bank (USA), N.A.*,
No. 14-cv-5460, 2015 WL 5521769 (S.D.N.Y. Sept. 17, 2015) ....12

*Frydman v. Experian Info. Sols., Inc.*,
No. 14-cv-9013, 2016 WL 11483839 (S.D.N.Y. Aug. 11, 2016)....10

*Johnson v. Target Corp.*,
2019 WL 1227784 (E.D.N.Y. Feb. 12, 2019)....6, 12

*Lewis v. Experian Info. Sols., Inc. et al.*,
No. 23-cv-857 (E.D.N.Y. Mar. 27, 2024)....10

*Lucchesi v. Experian Info. Sols.*,
226 F.R.D. 172 (S.D.N.Y. 2005) ....8

*McKenzie-Morris v. V.P. Rec. Retail Outlet, Inc.*,
No. 22-cv-1138, 2023 WL 5211054 (S.D.N.Y. Aug. 13, 2023)....4, 5

*McPherson v. Coombe*,
174 F.3d 276 (2d Cir. 1999)....................5

*Mitchell v. Experian Info. Sols., Inc.*,
No. 22-cv-5883, 2023 WL 2990479 (E.D.N.Y. Apr. 18, 2023)....................5, 7

*Morgan v. Cmty. Against Violence*,
No. 23-cv-353, 2023 WL 6976510 (D.N.M. Oct. 23, 2023)....................4

*Morgan v. Luft*,
No. 15-cv-0024, 2016 WL 1118452 (N.D.N.Y. Mar. 22, 2016)....................7

*Nguyen v. Ridgewood Sav. Bank*,
No. 14-cv-1058, 2015 WL 2354308 (E.D.N.Y. May 15, 2015)....................11, 12

*Park v. Kim*,
91 F.4th 610 (2d Cir. 2024)....................4

*Podell v. Citicorp Diners Club, Inc.*,
914 F. Supp. 1025 (S.D.N.Y. 1996)....................10

*Selvam v. Experian Info. Sols., Inc.*,
No. 13-cv-6078, 2015 WL 1034891 (E.D.N.Y. Mar. 10, 2015)....................12

*Shaw v. Experian Info. Sols., Inc.*,
891 F.3d 749 (9th Cir. 2018)....................8

*Spector v. Equifax Info. Svcs.*,
338 F. Supp. 2d 378 (D. Conn. 2004)....................8

*Spira v. TransUnion, LLC*,
No. 23-cv-4319, 2024 WL 2221662 (S.D.N.Y. May 16, 2024)....................7

*Stewart v. Medina*,
No. 23-cv-880 (S.D.N.Y. Nov. 13, 2023)....................5

*Swanson v. Lendingclub Corp.*,
No. 21-cv-5379 (S.D.N.Y. Jul. 28, 2022)....................5

*United States v. Pinson*,
584 F.3d 972 (10th Cir. 2009)....................1

*Walker v. Schult*,
717 F.3d 119 (2d Cir. 2013)....................4, 5

*Wantz v. Experian Info. Sols.*,
386 F.3d 829 (7th Cir. 2004)....................8

*Williams v. Ercole*,
No. 09-cv-5169, 2010 WL 3785523 (S.D.N.Y. Sept. 28, 2010) ....2

*Williams-Steele v. Trans Union*,
No. 12-cv-0310, 2015 WL 576714 (S.D.N.Y. Feb. 10, 2015) ....8

*Wilson v. HSBC Bank, USA as Tr. Of Bcap-2008-In1*,
No. 16-cv-8405, 2019 WL 1004587 (S.D.N.Y. Mar. 1, 2019)....10

*Wright v. Zabarkes*,
347 Fed. App'x 670 (2d Cir. 2009)....8

**STATUTES**

15 U.S.C. § 1681a(d) ....8

15 U.S.C. § 1681a(d)(1)....8

15 U.S.C. § 1681a(d)(1)(A) ....10

15 U.S.C. § 1681e(b) .... passim

15 U.S.C. § 1681i....4

15 U.S.C. § 1681i(a) ....3

15 U.S.C. § 1681i(a)(5)....11

15 U.S.C. § 1681m....9

**RULES**

Fed. R. Civ. P. 72 ....1

Fed. R. Civ. P. 72(b)(3)....2

**OTHER AUTHORITIES**

https://quillbot.com/ai-content-detector....4

https://www.equifaxbreachsettlement.com/....9

Pursuant to Federal Rule of Civil Procedure 72, Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") respectfully submit the following limited objections to the Magistrate Judge's Report and Recommendations [ECF No. 40] (the "R&R") to request that the Court conduct a *de novo* review and reject the R&R. For the reasons advanced in the Motion, Defendants' Reply Brief [ECF No. 34] (the "Reply"), and below, dismissal with prejudice is warranted.

**INTRODUCTION**

This Court should reject the R&R and dismiss the Plaintiff's Complaint. As the R&R concedes, the Complaint, even when construed liberally to raise the strongest possible arguments, fails to allege sufficient facts to support Plaintiff's claims. (R&R at 18). In an effort to piece together an argument from Plaintiff's apparent AI-generated opposition brief [ECF No. 29] ("Opposition"), the R&R improperly relied on Plaintiff's attachments to her Opposition [ECF No. 29-1] ("Attachments"). Even if this Court chooses to consider the Attachments, Plaintiff's claims cannot be salvaged—the R&R must be rejected because Plaintiff fails to plead facts connecting the remaining Defendants to her claims.

Of utmost concern are the great lengths traversed to make Plaintiff's arguments for her. From a two-sentence complaint [ECF No. 1-1] ("Complaint"), the R&R attempts to extract a plausible—but ultimately deficient—argument. Plaintiff's Opposition enlists nonexistent case law and cites nonexistent arguments in her Complaint in an attempt to persuade the Court that her claims have merit. (R&R at 26). To be sure, *pro se* plaintiffs should be "held to less stringent standards than formal pleadings drafted by lawyers." (R&R at 9) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But liberalism must have limits: a *pro se* plaintiff's claims must be dismissed if her complaint is substantively barren and if her opposition fails to connect its arguments and attachments to her allegations. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)

("This rule of liberal construction stops . . . at the point at which [a court] begin[s] to serve as [her] advocate."); *see also Bracken v. Dormire*, 247 F.3d 699, 703 (8th Cir. 2001) (holding that this boundary is crossed when "the petition cannot reasonably be construed as raising the claim" upon which relief was granted); *Bragg v. Chavez*, No. 07-cv-0343, 2007 WL 5232464, at *24 (D.N.M. Aug. 2, 2007) ("The Court has no duty to do [plaintiff's] work for [her], even if [she] is proceeding *pro se*, and must be careful not to cross the line and, under the guise of construing [her] pleadings liberally, become [her] advocate."). Here, the adjudicator strayed into advocacy.

The Federal Court system cannot be commandeered to connect a plaintiff's arguments to her claims each time empty pleadings are filed, as the Magistrate Judge was obliged to do here. This concern should guide the Court's analysis.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), a district court reviewing a magistrate judge's report and recommendation "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." "The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." F.R.C.P. 72(b)(3); *see Williams v. Ercole*, No. 09-cv-5169, 2010 WL 3785523, at *1 (S.D.N.Y. Sept. 28, 2010) (rejecting magistrate judge's report and recommendation after a *de novo* review of the objected content and granting respondent's motion to dismiss).

## ARGUMENT

### I. THIS COURT SHOULD REJECT THE MAGISTRATE JUDGE'S RECOMMENDATION TO CONSIDER THE OPPOSITION ATTACHMENTS.

Both the Defendants and Judge Stein agree that the Complaint is wholly insufficient to support a claim against Experian or Trans Union. (R&R at 18). The endorsed Complaint consists only of the following two sentences: "Other [sic] for $9,000.00 with interest from 02/01/2021.

Failure to comply with FCRA. 15 USC 1682e(b) [sic]; 15 USC 1681i; 15 USC 1681-2(b) [sic] violation of these laws." (Compl. at 2). The Plaintiff attached what appears to be a dispute letter dated July 1, 2023, a consumer disclosure issued by Diverse Solutions, a copy of an identification card, and a nearly illegible copy of a Chase checking account summary to her Complaint. (*Id.*). The Complaint makes no attempt to explain the significance of these documents or how these documents constituted a failure of Experian or TransUnion to conduct a reasonable reinvestigation of Plaintiff's dispute under Section 1681i(a).

It is no surprise that Judge Stein found that Plaintiff's Complaint, including its attachments, "fails to allege sufficient facts" to withstand a motion to dismiss without the support of the Opposition Attachments. (R&R at 18). For example, Plaintiff makes no allegations regarding what is inaccurate about the accounts in her file, how Experian reinvestigated the dispute, the results of the reinvestigation of each disputed account, or whether the dispute results were sent within 30 days under Section 1681i(a). With regard to Trans Union, the Complaint does not attach or make reference to any dispute submitted to Trans Union at all. Nor did the Complaint plead a claim under the non-existent Section 1682e(b), which Judge Stein converted to a claim under Section 1681e(b). Plaintiff pleads no facts to allege that Experian or TransUnion issued a consumer report about Plaintiff containing an inaccuracy to a third-party for credit-granting purposes within the applicable time period, or that Plaintiff was harmed by such a report, as required by Section 1681e(b).

### A. OPPOSITION ATTACHMENTS CANNOT BE USED TO REDEEM A WHOLLY DEFICIENT COMPLAINT.

Defendants object to the R&R's use of the Attachments to save Plaintiff's barren claims. Instead of dismissal, the R&R bolsters Plaintiff's Complaint by considering documents attached to Plaintiff's Opposition, even though she did not tie those documents to any claim against

Experian or Trans Union. As Judge Stein noted, a "district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion." (R&R at 14) (citing *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)). But the R&R strains this principle too far. Plaintiff made no additional factual allegations in her opposition brief. In fact, plaintiff's opposition brief itself appears to be generated by artificial intelligence tools[1]—and the case law cited is nonexistent, which Judge Stein recognized was generated by artificial intelligence and issued a warning to Plaintiff. (*See* R&R at 27) ("[I]t is no more acceptable for a *pro* se litigant to submit briefs with fake case citations than it is for a lawyer to do so."); *see also Park v. Kim*, 91 F.4th 610, 613 (2d Cir. 2024); *Morgan v. Cmty. Against Violence*, No. 23-cv-353, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023) ("Quite obviously, many harms flow from such deception—including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system (to name a few).").

Given the lack of factual enhancement in the Opposition, Judge Stein went a step further and considered the attachments to the brief to establish the threshold issue of inaccuracy for Plaintiff's Section 1681e(b) and 1681i claims, an approach that some courts adopted in *pro se* matters under circumstances that do not exist here. *Cf. McKenzie-Morris v. V.P. Rec. Retail Outlet, Inc.*, No. 22-cv-1138, 2023 WL 5211054, at *3 n.2 (S.D.N.Y. Aug. 13, 2023). Plaintiff herself made no attempt in her AI-generated brief to even explain how the documents attached to the brief support a claim against Experian or Trans Union.

Using the attachments to Plaintiff's brief to bolster Plaintiff's two-sentence complaint

[1] Defendants uploaded Plaintiff's Opposition to public, online, AI detection software trained to identify "repetitive words, awkward phrasing, and an unnatural, choppy flow" typical of AI-generated content. *See* https://quillbot.com/ai-content-detector. Quillbot, a software listed by the Texas Tech University Library as an AI Detection tool, predicted that Plaintiff's Opposition was 90% generated by AI. For comparison, the same software predicted that none of Defendants' Reply and the Magistrate Judge's R&R was generated by AI.

extends the consideration of attachments beyond its previous applications. Judge Stein cites to no case, and Defendants are aware of none, where a court has considered attachments to an opposition brief to redeem a wholly deficient two-sentence complaint on a motion to dismiss. Each case cited by the R&R in support of considering the opposition brief attachments is distinguishable because those attachments filled out more robust claims in complaints actually authored by the plaintiffs alleging facts and injuries supporting their claims. *See*, *e.g.*, Compl., *Walker v. Schult*, No. 11-cv-00287 (N.D.N.Y. Mar. 16, 2011); Am. Compl., *Stewart v. Medina*, No. 23-cv-880 (S.D.N.Y. Nov. 13, 2023); Am. Compl., *Cullum v. Wyndham Hotels & Resorts Corp.*, No. 22-cv-9700 (S.D.N.Y. Feb. 8, 2023); Third Am. Compl., *McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22-cv-1138 (S.D.N.Y. Apr. 25, 2023); Am. Compl., *Swanson v. Lendingclub Corp.*, No. 21-cv-5379 (S.D.N.Y. Jul. 28, 2022). Courts only look to the opposition when a complaint has substance on which to build a claim. *Pro se* complaints cannot be read to raise "the strongest arguments that they suggest" when there are no arguments suggested to begin with. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). But when complaints are wholly deficient, courts grant a defendant's motion to dismiss. *See*, *e.g.*, *Cabrera v. Experian Info Sols., Inc.*, No. 21-cv-8313, 2021 WL 5166980, at *3 (S.D.N.Y. Nov. 5, 2021); *Mitchell v. Experian Info. Sols., Inc.*, No. 22-cv-5883, 2023 WL 2990479, at *3 (E.D.N.Y. Apr. 18, 2023).

Because the R&R improperly considered the attachments to plaintiff's opposition brief as a substitute for the Complaint, this Court, under a *de novo* review standard, should reject the R&R and dismiss Plaintiff's Section 1681e(b) and 1681i claims.

### B. THE LETTER ATTACHED TO THE OPPOSITION IS INCONSISTENT WITH PLAINTIFF'S COMPLAINT AND CANNOT BE CONSIDERED.

Defendants object to the R&R's recommendation to consider the letter attached to the Opposition. A court can only consider attachments to a *pro se* plaintiff's opposition brief when

the allegations in the attachments are consistent with the plaintiff's complaint. *Johnson v. Target Corp.*, 2019 WL 1227784, at *6 (E.D.N.Y. Feb. 12, 2019) (refusing to consider allegations contained in *pro se* Plaintiff's opposition that are inconsistent with those made in the Amended Complaint asserting FCRA claims). This is not the case here. Plaintiff attached a purported dispute letter to Experian[2] that is inconsistent with the Complaint and should not be considered. The letter attached to the opposition is undated and Plaintiff does not allege in the opposition brief when this was sent, if at all, or whether it even falls within the statute of limitations. The letter attached to the Complaint and the letter attached to the opposition brief are inconsistent in terms of the dates, the formatting of the letters, what accounts are disputed, and what the letters dispute as inaccurate about the accounts. (*Compare* Opp. Ex. A at 1–3, *with* Compl. at 2–4). For example:

- The letter attached to the Complaint disputes eight DeptEdNelnet accounts and requests full deletion of the tradelines. (*See* Compl. at 2–4 ("DEPTEDNELNET – REQUESTED A DELETION)). But the letter attached to the opposition brief disputes twelve DeptEdNelnet accounts, with only partial account numbers, and—rather than requesting deletion of the entire tradelines—disputes the accounts as incomplete and requests that Experian add the closed date and date of last activity, and modify the account opening date. (*See* Opp. Ex. A at 1–3).

- The letter attached to the Complaint requests full deletion of the Municipal Credit Union account. But the letter attached to the opposition brief admits it is hers and asks only that the date of last payment be updated.

[2] Given Plaintiff's questionable Opposition and case law, and Defendant Experian's inability to locate the purported letter despite a diligent search (*see* Reply at 5), this Court should seriously question the authenticity of this letter.

- The letter attached to the Complaint disputes the address 40 17E Richman PZBronx, NY 10453 as a previous address. But the letter attached to the opposition brief disputes 40 Richman Plz Apt 17E Bronx, NY 10345 as not hers at all.

- The letter attached to the Complaint disputes the address 58 3 W 128StNew York, NY 10027 as a previous address. But the letter attached to the opposition brief disputes 58 W 128 th st Apt 3, New York NY 10027 as not hers at all.

- The letter attached to the Complaint disputes the address 2437 Sunstone DrFort Collins, CO 80525 as a previous address. But the letter attached to the opposition brief does not.

- The letter attached to the Complaint disputes a Barclays Gap account. But the letter attached to the opposition brief does not.

These inconsistencies mean that the Court may not consider the letter attached to the Opposition on this Motion. Accepting inconsistent allegations would construe Plaintiff's Complaint as effectively amended by those allegations. *See Morgan v. Luft*, No. 15-cv-0024, 2016 WL 1118452, at *3 (N.D.N.Y. Mar. 22, 2016). Without the attachments to the brief, the Complaint does not even come close to pleading the threshold issue of inaccuracy under Sections 1681e(b) and 1681i because it fails to allege what information was inaccurate and why. *See Mitchell*, 2023 WL 2990479, at *3 (granting dismissal because *pro se* plaintiff failed to explain "why [the information] was allegedly false, or any other information that could support such a claim"); *Spira v. TransUnion, LLC*, No. 23-cv-4319, 2024 WL 2221662, at *3 (S.D.N.Y. May 16, 2024).

## II. THIS COURT SHOULD REJECT THE MAGISTRATE JUDGE'S RECOMMENDATION THAT PLAINTIFF ADEQUATELY PLEADED A SECTION 1681e(b) OR 1681i CLAIM.

Even if the Court were to consider the attachments to Plaintiff's opposition brief, they still fail to establish the remaining elements of a Section 1681e(b) or 1681i claim.

Failure to Plead Element of Consumer Report

Defendants object to the recommendation that Plaintiff adequately alleges the issuance of an inaccurate consumer report. Plaintiff fails to plead the issuance of an allegedly inaccurate consumer report to a third-party for a credit-granting purpose. *See* 15 U.S.C. § 1681a(d). This is a required element under Section 1681e(b). Under the FCRA, a consumer report requires a disclosure about a consumer to a third-party for a qualifying purpose, such as a credit, insurance, or employment opportunity.[3] *See Williams-Steele v. Trans Union*, No. 12-cv-0310, 2015 WL 576714, at *2 (S.D.N.Y. Feb. 10, 2015); *see also Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 n. 3 (9th Cir. 2018) ("A consumer, or credit, report is a CRA-prepared report that a CRA issues to third parties for certain qualifying purposes.") (citing 15 U.S.C. § 1681a(d)(1)); *Wantz v. Experian Info. Sols., Inc.*, 386 F.3d 829, 833 (7th Cir. 2004) (abrogated on other grounds) (stating that "without a consumer report, there is no duty under the Act to follow reasonable procedures.").

Both the Complaint and the attachments to the opposition brief fail to allege any facts identifying any third-party who may have received Plaintiff's consumer report or approximately when they would have received it. The Complaint also fails to identify any credit, insurance, or employment opportunity for which Plaintiff sought eligibility (such as a new credit card, loan, or other qualifying purpose under the FCRA), or what decision a furnisher made about her eligibility that may have been affected by the issuance of a consumer report containing the allegedly inaccurate information. In short, because Plaintiff has not sufficiently pleaded the existence of a consumer report, her 1681e(b) claim must be dismissed. *Wright v. Zabarkes*, 347 Fed. App'x 670, 671 (2d Cir. 2009); *Lucchesi v. Experian Info. Sols.*, 226 F.R.D. 172, 174 (S.D.N.Y. 2005).

[3] Disclosure of information to the consumer herself, known as a "consumer disclosure," rather than to a third-party, is insufficient to support Plaintiff's FCRA claims. *See Spector v. Equifax Info. Svcs.*, 338 F. Supp. 2d 378, 379 (D. Conn. 2004).

Failure to Plead Elements of Damages or Causation

Defendants object to the recommendation that Plaintiff adequately alleges damages. The attachments to the opposition brief do not allege damages or that those damages were allegedly caused by Experian or TransUnion. The R&R "in particular," relied on the Claim Form to Equifax that was attached to the Opposition to conclude that Plaintiff "adequately alleges actual damages resulting from Defendants' alleged violations of the FCRA." (R&R, at 25). This is wholly insufficient to support a claim against the remaining Defendants. The R&R points only to a vague assertion in the Claims Form that Plaintiff could not obtain real estate in the Caribbean. (*See* Opp. Ex. A at 6).

Plaintiff never pleads any facts regarding the name of the furnisher, whether and when she submitted an application, whether a consumer report was issued about her, which consumer reporting agency issued the consumer report, when she was denied, or why she was denied. If a consumer report had been issued, the furnisher would have been required to convey this information to her in an adverse action letter. 15 U.S.C. § 1681m. She never alleges anywhere in the Complaint, Opposition, or Attachments that she was denied credit *as a result of a consumer report* issued about Plaintiff *by Experian or TransUnion*. At most, this allegation supports a claim of damages against Equifax, which was still a defendant at the time Plaintiff attached the Claim Form to her opposition.[4] Courts routinely dismiss pro se complaints when they lack even some of this factual detail, let alone all of this factual detail. Order Granting Motion to Dismiss,

[4] Judge Stein appears to change the facts on the face the Claim Form in an attempt to revive Plaintiff's claims. The R&R re-dates the Claim Form to January 15, 2024, concluding that Plaintiff must have made a typo in dating the Claim Form January 15, 2023. This is not correct. Equifax's claim period ran from January 23, 2020 to January 22, 2024. It appears Plaintiff was simply filling out Equifax's standard form, which requested an accounting of all losses during that claim period. *See* https://www.equifaxbreachsettlement.com/. This is yet another reason that a court should not substitute its own judgment in lieu of Plaintiff's argument. Plaintiff must be the one to explain the significance of the documents attached to her Opposition. In the absence of any factual explanation from the Plaintiff at all, there is a risk that the Court alters facts or draws conclusions that are not merited, rather than merely drawing a favorable inference.

*Desmarattes v. Equifax, et al.*, No. 22-cv-03330 (E.D.N.Y. Dec. 7, 2023) (dismissing *pro se* plaintiff's complaint because plaintiff did not allege "specific instances" in which the CRA's credit reporting resulted in denial of credit); Order Granting Motion to Dismiss, *Lewis v. Experian Info. Sols., Inc. et al.*, No. 23-cv-857 (E.D.N.Y. Mar. 27, 2024) (same).

Furthermore, Plaintiff cannot recover under the FCRA for an alleged denial of an investment property, as the R&R recommends (R&R at 25), because the FCRA does not apply to commercial transactions. 15 U.S.C. § 1681a(d)(1)(A); *Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996) (declining to grant plaintiff recovery "under the FCRA for losses resulting from the use of the credit report solely for a commercial transaction") (real estate business transaction); *Frydman v. Experian Info. Sols., Inc.*, No. 14-cv-9013, 2016 WL 11483839, at *10 (S.D.N.Y. Aug. 11, 2016), *report and recommendation adopted*, 2016 WL 5661596 (Sept. 30, 2016).

It is black letter law that the mere existence of negative credit information in a consumer's file is legally insufficient and "completely fail[s]" to demonstrate damages. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995). "[A] Plaintiff must allege that the CRA provided patently incorrect or misleading information . . . and the incorrect or misinformation causally resulted in actual damages." *Wilson v. HSBC Bank, USA as Tr. Of Bcap-2008-In1*, No. 16-cv-8405, 2019 WL 1004587, at *4 (S.D.N.Y. Mar. 1, 2019).

Without an allegation that either of the remaining Defendants actually reported an inaccuracy to a creditor, such that the Plaintiff was denied credit and suffered actual damages, Plaintiff's claims must be dismissed. *See Wilson*, 2019 WL 1004587, at *4 (granting dismissal because Plaintiff failed to "allege that the CRA provided patently incorrect or misleading information which can be expected to have an adverse effect, . . . and the incorrect misinformation

causally resulted in actual damages"), *aff'd sub nom.*, *Wilson v. HSBC Bank, USA*, 834 F. App'x 607 (2d Cir. 2020); *Casella*, 56 F.3d at 475 (a plaintiff cannot "recover for pain and suffering when [she] has failed to show that any creditor or other person ever learned of the derogatory information from a credit reporting agency").

Failure to Plead Element of Failure to Follow Reasonable Procedures

Defendants object to the recommendation that plaintiff adequately alleges the remaining Defendants failed to follow reasonable procedures or failed to reasonably conduct a reinvestigation. Plaintiff fails to plead sufficient facts showing that Defendants lacked reasonable procedures or failed to reasonably reinvestigate her disputes, and specifically how Defendants failed.

The R&R argues that Plaintiff adequately pleads unreasonable reinvestigation because "Experian continued to report" an allegedly inaccurate account "while other CRAs removed these particular accounts." (R&R at 21). But the FCRA "is not a strict liability statute." *Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *10 (E.D.N.Y. May 15, 2015). This recommendation ignores the fact that reasonable reinvestigations conducted by various CRAs can have different outcomes for a variety of justifiable reasons. Any presumption of unreasonable reinvestigation based on the alleged presence of an inaccuracy is faulty under the FCRA because the FCRA provides for a variety of outcomes even after reasonable procedures are followed. *See* 15 U.S.C. § 1681i(a)(5) ("Treatment of Inaccurate or Unverifiable Information"). Absent more, Plaintiff does not adequately plead that Defendants' reinvestigations were not reasonable. This Court should not permit Plaintiff's displeasure with Experian's reinvestigation conclusions to masquerade as a claim that Experian acted unreasonably.

Even if a mere difference in information reported at a given time was sufficient to plead unreasonable reinvestigation, Plaintiff still fails to plead how the reinvestigation was unreasonable. The R&R recommends that this Court permit a *pro se* plaintiff's claims to proceed without pleading how a CRA failed to follow reasonable investigation procedures, or what actions a CRA took or failed to take in response to a plaintiff's disputes. (R&R at 20). But this is contrary to established precedent. *See Ahmad v. Experian Info. Sols., Inc.*, No. 23-cv-2222, 2023 WL 8650192, at *5 (S.D.N.Y. Dec. 14, 2023) (granting motion to dismiss because *pro se* plaintiff failed to allege how the procedures used by defendant to ensure accuracy were unreasonable); *Frederick v. Capital One Bank (USA), N.A.*, No. 14-cv-5460, 2015 WL 5521769, at *7 (S.D.N.Y. Sept. 17, 2015) (granting motion to dismiss because *pro se* plaintiff failed to make any allegations regarding the procedures followed by the CRAs in response to his disputes); *Johnson*, 2019 WL 1227784 at *10 (granting motion to dismiss because *pro se* plaintiff alleged "nothing at all" about the CRA's procedures); *Selvam v. Experian Info. Sols., Inc.*, No. 13-cv-6078, 2015 WL 1034891, at *3–4 (E.D.N.Y. Mar. 10, 2015) (dismissing complaint because *pro se* plaintiffs failed to explain how defendants failed to follow reasonable investigation procedures); *Nguyen*, 2015 WL 2354308 at *11 (same).

Here, plaintiff does not explicitly plead what date she disputed her credit file, when the Defendants responded, how long it took for Defendants to respond, what Defendants said about the dispute results, and what procedures Defendants used. This Court should not assume Plaintiff adequately pleaded that the Experian's practices were unreasonable, and how the practices were unreasonable, merely because CRAs justifiably reported different information.

**CONCLUSION**

For the foregoing reasons, and those stated in the Motion and Reply, Defendants respectfully request that under a *de novo* review of the limited objections, above, the Court enter an Order dismissing Plaintiff's Complaint with prejudice.

Dated: August 9, 2024

Respectfully submitted,

*/s/ Collin J. Li*
Collin J. Li
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3436
Facsimile: (212) 755-7306
CollinLi@JonesDay.com

*Counsel for Defendant Experian Information Solutions, Inc.*

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Direct: (317) 497-5600, Ext. 601
Fax: (317) 899-9348
E-mail: cnicodemus@qslwm.com

*Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 9, 2024, I caused a copy of the foregoing Objection to the Magistrate Judge's Report and Recommendation to be served on all counsel of record by ECF and a printed copy on *pro se* Plaintiff via UPS overnight mail to the address below, pursuant to Hon. Analisa Torres's Individual Pro Se Rule II.C. In addition, I certify that I caused printed copies of all unreported and reported case law from computerized databases to be served on *pro se* Plaintiff on August 9, 2024, pursuant to Local Civil Rule 7.2.

Isatou Dukuray
2125 Saint Raymond Ave
Apt. 7A
Bronx, NY 10462-7123

Dated: August 9, 2024

*/s/ Collin J. Li*

Collin J. Li
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3436
Email: CollinLi@JonesDay.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*