```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISATOU DUKURAY,

                Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS and
TRANSUNION CORP;

                Defendants.

23 Civ. 9043 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiff *pro se*, Isatou Dukuray, brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, for alleged inaccuracies reported in her credit history. Compl., ECF No. 1-1. Defendants, Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union"), moved to dismiss for failure to state a claim and for judgment on the pleadings, respectively. ECF No. 21; *see* ECF No. 23. The Court referred Defendants' motion to The Honorable Gary Stein. ECF No. 30.

Before the Court is Judge Stein's Report and Recommendation (the "R&R"), dated July 26, 2024, which recommends that Defendants' motion be denied. *See generally* R&R, ECF No. 40. On August 9, 2024, Defendants filed timely objections to the R&R. Def. Objs., ECF No. 41.

For the reasons stated below, the Court OVERRULES Defendants' objections to the R&R and ADOPTS the R&R in full.

### DISCUSSION[1]

**I.    Standard of Review**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party

---

[1] The Court presumes familiarity with the facts and procedural history as thoroughly detailed in the R&R, *see* R&R at 1–8, and, therefore, does not summarize them here.

makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [its] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of the Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

## II.     Defendants' Objections

Defendants' objections fall into three categories: objections to Judge Stein's liberal construction of Plaintiff's filings, objections to his consideration of documents attached to Plaintiff's opposition brief, and objections to his determination that Plaintiff adequately pleaded the elements of her claim. The Court addresses each in turn.

A. <u>Construction of Pro Se Filings</u>

First, Defendants lodge the overarching objection that Judge Stein went to "great lengths [] to make Plaintiff's arguments for her," ultimately "stray[ing] into advocacy." Def. Objs. at 1–2. Defendants acknowledge, as they must, that the submissions of pro se plaintiffs are "held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 1 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Indeed, Judge Stein and the Court are required, under this Circuit's "well-worn precedent," to "liberally construe pro se submissions." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (reiterating that pro se litigants must be accorded "special solicitude"). "This policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman,* 470 F.3d at 475 (cleaned up). When courts abdicate this obligation, "the pro se litigant is at an insurmountable disadvantage." *Id.* (citation omitted).

Courts frequently recite these principles when confronted with disorganized or opaque pro se filings. The R&R puts them into action. Because Plaintiff's complaint is so sparsely pleaded, Judge Stein appropriately sifted through the documents she attached to her complaint and opposition papers to piece together a cohesive narrative. This careful consideration of Plaintiff's submissions did not "stray[] into advocacy," Def. Objs. at 2; it carried out the court's obligation to "protect [a] pro se litigant[] from inadvertent forfeiture of important rights." *Triestman,* 470 F.3d at 475.

3

The out-of-circuit cases Defendants cite in support of their argument that "liberalism must have limits" are far afield. Def. Objs. at 1. In *Bracken v. Dormire*, 247 F.3d 699 (8th Cir. 2001), for example, the Eighth Circuit found that the district court had erred in granting habeas relief on a claim that the petitioner had raised in his state appeal but abandoned in the federal proceeding, *id.* at 701–03. The Circuit noted that neither the "applicable law" nor "[any] of the facts supporting the [] claim" were set forth in the petition, *id.* at 703—unlike this case, where Plaintiff has identified the relevant statute and alleged facts to support her claim, *see* Compl. at 2 (alleging "[f]ailure to comply with FCRA"); *see generally id*. at 3–37; Pl. Opp., ECF No. 29. In *Bragg v. Chavez*, No. 07 Civ. 343, 2007 WL 5232464 (D.N.M. Aug. 2, 2007), the plaintiff alleged generally that the defendants "violated Medicaid law" without "identif[ying] a particular statute or regulation," *id.* at *22–23. The court observed that it "has no duty to do [plaintiff's] work for him, even if he is proceeding pro se"—but did so only after "briefly research[ing] Medicaid law" and failing to "discover any other relevant provisions." *Id.* at *24. Far from undermining the R&R in this case, *Bragg* affirms that district courts must construe a pro se litigant's submissions "liberally." *Id.* That is exactly what the magistrate judge did.

B. Opposition Brief Documents

Second, Defendants argue that Judge Stein erred by considering documents attached to Plaintiff's opposition brief. Def. Objs. at 3–5. As the R&R explains, a "district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion." R&R at 14 (quoting *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)); *see id.* at 14–15 (collecting cases). Defendants contend that courts can look to an opposition brief only "when a complaint has substance on which to build a claim"—that is, when there are "arguments suggested to begin with." Def. Objs. at 5. But even assuming this is a correct statement of law,

4

the complaint passes this test.  The pleading's three sentences identify Plaintiff's cause of action ("[f]ailure to comply with FCRA") and the nature of her demand ("$9,000.00 with interest from 02/01/2021").  Compl. at 2.  The documents attached to her complaint shed further light on the nature of her claims, including the specific accounts she alleges she has been "disputing for the past year" but are "still reporting in error."  R&R at 2–3; Compl. at 3.  Plaintiff also attaches to the complaint a side-by-side comparison of her purported credit history as reported by Defendants, along with handwritten annotations of the "inaccurate" entries and "errors."  Compl. at 6–34.  The Court disagrees with Defendants, therefore, that the complaint's deficiencies precluded Judge Stein from considering documents attached to Plaintiff's opposition.

Defendants also argue that Judge Stein erred in considering an undated dispute letter addressed to Experian (the "Experian Letter") that Plaintiff attached to her opposition brief.  Def. Objs. at 5–7.  Defendants contend that the Experian Letter is inconsistent with Plaintiff's pleadings "in terms of the dates, the formatting of the letters, what accounts are disputed, and what the letters dispute as inaccurate about the accounts."  *Id.* at 6.  Defendants are correct that "[c]onsideration of allegations contained in Plaintiff's opposition [] is limited to allegations which are 'consistent' with those made" in the complaint.  *Johnson v. Target Corp.*, No. 17 Civ. 7535, 2019 WL 1227784, at *6 (E.D.N.Y. Feb. 12, 2019), *R&R adopted,* 2019 WL 1253467 (E.D.N.Y. Mar. 13, 2019).  But the Experian Letter passes this bar.  Some of Defendants' purported "inconsistencies" are not, in fact, inconsistent at all.  For example, Defendants point out that the letter attached to the complaint "requests full deletion" of "eight DeptEdNelnet accounts,"[2] while the letter attached to the opposition brief disputes twelve such accounts as

---

[2] By the Court's count, the letter attached to the complaint lists eleven "DEPTEDNELNET" accounts.  Compl. at 3–5.

incomplete "rather than requesting deletion." Def. Objs. at 6. Yet Defendants do not explain why a person could not both "disput[e] [an] account for being incomplete and inaccurate," ECF No. 29-1 at 2–3, and also request its deletion from her credit report. Other of Defendants' purported inconsistencies are inaccurate: For example, Defendants contend that the complaint letter disputes "a Barclays Gap account" that is absent from the letter attached to the opposition brief, but that Barclays account is in fact the third account listed in the Experian Letter. Def. Objs. at 7; ECF No. 29-1 at 1; *see* R&R at 3 n.4. Other discrepancies are so minor as to be trivial, such as the placement of an apartment number in an address. Def. Objs. at 7. These are not the types of inconsistencies that justify disregarding the Experian Letter, and Judge Stein did not err in considering it.[3]

C. <u>Failure to State a Claim</u>

Third, Defendants object to the R&R's conclusion that Plaintiff adequately pleaded the elements of claims under FCRA §§ 1681e(b) or 1681i.

Defendants first argue that Plaintiff "fails to plead the issuance of an allegedly inaccurate consumer report to a third-party for a credit-granting purpose," a "required element under Section 1681e(b)." Def. Objs. at 8. Specifically, Defendants contend that Plaintiff has not alleged "any facts identifying any third-party who may have received Plaintiff's consumer report or approximately when they would have received it," nor "any credit, insurance, or employment opportunity [] which Plaintiff sought" but was denied because of her credit report. *Id.* at 8.

As an initial matter, Defendants cite no caselaw identifying "the issuance of an allegedly inaccurate consumer report to a third-party for a credit-granting purpose" as an element of a

---

[3] Defendants also encourage the Court to "seriously question the authenticity" of the Experian Letter, Def. Objs. at 6 n.2, an argument that the R&R correctly found inappropriate to address at the motion-to-dismiss stage, R&R at 15–16.

6

§ 1681e(b) claim.  *Cf. Ahmad v. Experian Info. Sols., Inc.*, No. 23 Civ. 2222, 2023 WL 8650192, at *5 (S.D.N.Y. Dec. 14, 2023).  Instead, as Defendants' cited authority suggests, this is really an argument about whether Plaintiff has suffered actual damages by having her allegedly false credit report disclosed to others.  *See* Def. Objs. at 8; *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004) (at summary judgment, finding insufficient evidence of emotional-distress damages where there was "no evidence that Experian disclosed [plaintiff's] credit information to a third party"), *abrogated on other grounds*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

The Court agrees with Judge Stein that Plaintiff has adequately pleaded actual damages.  Defendants again "ignore[] the attachments to Plaintiff's [o]pposition," which identify several real estate and "investment property"[4] opportunities that she alleges she was denied "due to these fraud accounts," along with the approximate dates of those denials.  R&R at 25 (citing ECF No. 29-1 at 5–6).  Plaintiff also alleges that she "[s]pent time going to therapy due to stress, anxiety and more due to the stress of my credit report," ECF No. 29-1 at 6, a cognizable form of damages under FCRA, *see Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) (noting that actual damages "may include humiliation and mental distress, even in the absence of out-of-pocket expenses.").  "No further damages allegations are required at this stage."  R&R at 25 (quoting *Mader v. Experian Info. Sols., LLC*, No. 19 Civ. 3787, 2020 WL 264396, at *5 (S.D.N.Y. Jan. 17, 2020)).

---

[4] Defendants argue that Plaintiff "cannot recover under the FCRA for an alleged denial of an investment property . . . because the FCRA does not apply to commercial transactions."  Def. Objs. at 10.  Although Defendants correctly state the law, "[t]he Court need not address the substance of this argument [] because it is based on a factual dispute that the Court, at this stage in the proceedings, is required to resolve in Plaintiff's favor."  *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 238 (S.D.N.Y. 2014).

Separately, Defendants contend that the attachments to Plaintiff's opposition "do not allege damages or that those damages were allegedly caused by Experian or TransUnion." Def. Objs. at 9. The Court rejects Defendants' damages-related arguments for the reasons stated above. As to the causation argument, Defendants argue that Plaintiff's allegations "[a]t most . . . support[] a claim of damages against Equifax," which has settled with Plaintiff and been dismissed from this case. *Id.*; *see* ECF No. 19. Defendants appear to suggest that, because Plaintiff has submitted only an "Equifax Data Breach Settlement" claim form as proof of damages, those damages cannot be attributed to credit reports generated by Experian and Trans Union containing the same or similar inaccuracies. *See* ECF No. 29-1 at 4. At this early stage where all reasonable inferences must be drawn in Plaintiff's favor, however, the Court finds it entirely plausible that Experian and Trans Union disclosed similarly erroneous credit reports to third parties.

Finally, Defendants object to Judge Stein's recommendation that Plaintiff has adequately alleged that Defendants failed to follow reasonable procedures or reasonably conduct a reinvestigation. Def. Objs. at 11–12. Defendants reiterate their argument that Plaintiff fails to "explicitly plead what date she disputed her credit file, when the Defendants responded, how long it took for Defendants to respond, what Defendants said about the dispute results, and what procedures Defendants used." *Id.* at 12. But, Defendants do not address the "[n]umerous cases" cited in the R&R recognizing that "a plaintiff (particularly one proceeding pro se) cannot be expected to plead specific facts as to the procedures followed" and "declin[ing] to hold plaintiffs to the high pleading standard demanded by Defendants here." R&R at 21–22. As the R&R recounts, Plaintiff alleges that she repeatedly brought the fraudulently opened accounts to Defendants' attention and that "Defendants, after numerous requests, failed to make the

8

necessary corrections." *Id.* at 24. Defendants are free to disprove Plaintiff's allegations through discovery, but the allegations are sufficient at this juncture.

Defendants' objections are otherwise general or conclusory, or restate their original arguments. *Wallace*, 2014 WL 2854631, at *1. The Court has reviewed the remainder of the exceptionally thorough and well-reasoned R&R for clear error and finds none.

D. <u>Warning to Plaintiff</u>

Although the Court acknowledges the difficulties of self-representation, the Court is troubled by Plaintiff's apparent use of artificial intelligence to prepare her opposition brief. *See* R&R at 26–28. Accordingly, the Court reiterates Judge Stein's warning: **"Plaintiff is hereby advised that any further filings with citations to nonexistent cases may result in sanctions, such as her submissions being stricken, filing restrictions or monetary penalties being imposed, or the case being dismissed."** *Id.* at 26–27.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendants' objections to the R&R and ADOPTS the R&R in its entirety. Defendants' motion to dismiss, and for judgment on the pleadings, is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 21 and mail a copy of this order to Plaintiff *pro se.*

SO ORDERED.

Dated: August 26, 2024
      New York, New York

ANALISA TORRES
United States District Judge